I respectfully dissent. While the majority is correct in that Civ.R. 8(C) requires that affirmative defenses be asserted in a defendant's answer, there is nothing in the rule that requires affirmative defenses to be set forth individually or under the title of affirmative defenses. In the present case, appellee alleged in its complaint that it had not received payment. Appellants denied appellee's assertion. Appellants' denial can only be interpreted as an assertion of the affirmative defense that payment was made. To require appellants to reassert payment as an affirmative defense in a separate paragraph of the answer would merely be duplicative. The Civil Rules should not require unnecessary duplication in this instance.
Further, when considering the purpose of Civ.R. 8(C), appellants should have been permitted to present evidence of payment. The purpose of requiring affirmative defenses to be included in the answer is to prevent surprise at the trial.Chandler v. General Motors Acceptance Corp. (1980), 68 Ohio App.2d 30,31; McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 177, Section 7.14. Certainly, appellee cannot claim surprise in appellants' assertion of payment.
Additionally, even if the trial court was correct in precluding appellants from asserting the defense of payment, appellants should have been permitted to cross-examine appellee's witness, Donald Grant, concerning payment for the purpose of attacking his credibility. If this had been allowed, the trier of fact would have had the opportunity to judge Grant's credibility concerning the central issue of payment. Failure to allege an affirmative defense is a separate issue from the ability to impeach a witness's credibility on issues surrounding the affirmative defense. The purpose of trial is to determine the truth of the claims asserted in the complaint.
Accordingly, I would sustain appellants' assignments of error and remand the present case to the trial court for a new trial in accordance with this dissent.